UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPECIALTY RISK OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-01261 MAL |
| ) | |
| JAMES COLLINS et al. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Specialty Risk of America's ("Specialty Risk") Motion for Extension of Time for Service, Doc. 41. Specialty Risk seeks to excuse their failure to serve a defendant within the time allotted by FRCP 4(m). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P 4(m). Here, Specialty Risk did not successfully serve Defendants William Lyles, and Lyles Aw Holdings LLC, within 90 days. Doc. 41. They must show good cause, or the action will be dismissed without prejudice.

**I.      Legal Standard for Good Cause**

"A showing of good cause requires at least excusable neglect—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (citation omitted). "[G]ood cause is likely (but not always) to be found when . . . the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances. . ." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th

Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed.2002)).

> At its core, however, the standard of good cause, like many others in the law, is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance.

*Id.*

### II. Application of Law to Facts

Good cause exists here because Specialty Risk acted diligently and in good faith. Specialty Risk initially attempted to issue summons to Lyles Aw Holdings LLC's registered agent at the address Lyles Aw Holdings LLC had registered with the Missouri Secretary of State. Doc. 41-1 ¶4-5, Doc. 41-2 at 3. Specialty Risk initially attempted to issue summons to Lyle at the address he used in the underlying criminal case. Doc. 41-1 ¶3. After learning both buildings were vacant, Specialty Risk retained a private investigator to find the correct addresses. *Id* at ¶6. The private investigator found another potential address for Lyles Aw Holdings LLC, but this building was also vacant. *Id* at ¶7-9. Specialty Risk ultimately changed tactics and served both Lyles and Lyles Holdings LLC at a status hearing in Lyles's criminal case. *Id* at ¶14. This record demonstrates a diligent good faith effort to serve Defendant's. While it may have been wise to attempt to serve Lyles at an earlier court hearing, Lyles had been released on bond before the initial attempt at service so attempting to serve him at his outside address was not unreasonable. *State of Missouri v. William Lyles* 24L6-CR00616 (Lyles was released on bond). Nothing in this record indicates that Specialty Risk did not act diligently and in good faith. Specialty Risk has shown good cause.

\*       \*       \*

**IT IS HEREBY ORDERED** that the Motion for Extension of Time for Service, Doc. 41, is **GRANTED.**

Dated this 17th day of February 2026.

*Maria A. Lanahan*  _____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE