**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPECIALTY RISK OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01261-MAL |
| | ) | |
| JAMES COLLINS, SARAH CLAES, | ) | |
| WILLIAM LYLES, MCCULLOUGH | ) | |
| PROPERTIES LLC, KORY | ) | |
| MCCULLOUGH, LACEE HURST, and | ) | |
| LYLES AW HOLDINGS LLC d/b/a FOUR | ) | |
| ACES BAR | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

Before the Court is Specialty Risk of America's ("SPRISKA") Motion for Default Judgment as to Party Sarah Claes, Doc. 30, and Motion for Default Judgment as to Party James Collins, Doc. 32.  For the reasons set forth below, both motions are **GRANTED**.

**I.      Factual and Procedural Background**

The following facts are alleged in the Complaint.[1]  Plaintiff brings the instant action for declaratory relief under 28 U.S.C. §§ 2201 and 2202, asking the Court to determine the parties' rights and obligations under insurance policy number CPP1027333 (the "Policy"), which was issued by SPRISKA naming "Lyles AW Holdings LLC Four Aces Bar" as the named insured. Doc. 1 at ¶ 12.  The policy had effective dates of September 2, 2021, until it was cancelled effective March 18, 2022. *Id.*

The Policy provides commercial general liability coverage ("CGL Coverage") subject to a Bodily Injury and Property Damage Liability Each Occurrence Limit of $1,000,000; a Personal and Advertising Injury Liability Limit of $1,000,000; a General Aggregate Limit of $2,000,000; and liquor liability coverage ("LL Coverage") subject to a Liquor Liability Each Common Cause Limit of $500,000 and a Liquor Liability Aggregate Limit of $1,000,000. *Id.* at ¶ 13–14; Doc. 28 at ¶¶ 9–10.  The CGL Coverage includes certain principal coverages, including Coverage L – Bodily Injury Liability Property Damage Liability.  Doc. 1 at ¶ 15.  The Policy indicates that

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the Complaint. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6).

SPRISKA will pay all sums which an insured is obligated to pay as damages due to bodily injury. *Id.* The bodily injury "must be caused by an **occurrence** which takes place in the **coverage territory**, and the **bodily injury** or **property damage** must occur during the policy period." Doc. 1-3 at 27. The Policy also provides for supplemental coverages, which include bodily injury liability assumed by contracts such as lease of premises. *Id.* at ¶ 17.

Plaintiffs William Lyles, McCullough Properties, LLC, Kory McCullough, James Collins, and Sarah Claes were sued in state court on August 22, 2025, by Lacee Hurst (the "Underlying Lawsuit"). *Id.* at 38; Doc. 1-4. Hurst was an employee of the Four Aces Lounge. Doc. 1 at ¶ 41. Hurst alleges that on her first night of work at the Four Aces Lounge, William Lyles, James Collins, and Sarah Claes subjected her to "non-consensual physical and sexual contact, including but not limited to, rape, sodomy, and assault." Doc. 1 at ¶¶ 43-44. The underlying lawsuit alleges that Sarah Claes and James Collins were customers at the Four Aces Bar when they allegedly participated in the assault. *Id*. at ¶ 42.

On August 22, 2025, SPRISKA filed a Complaint for Declaratory Judgment. Doc. 1. Sarah Claes was served on September 11, 2025. Doc. 12. James Collins was served on November 14, 2025. Doc. 17. Each defendant was properly served. Docs. 12, 17. Sarah Claes failed to respond to the complaint by her deadline, October 2, 2025. Docs. 12, 23. James Collins failed to respond to the complaint by his deadline on December 5, 2025. Docs. 17, 23. As of the date of this Order, neither Claes nor Collins has filed an answer or otherwise contested the Complaint. Additionally, they have not responded to the clerk's entry of default, Doc. 23, or to the motion for default judgment, Doc. 55.

## II.     Legal Standard

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012) (grants of default judgment are reviewed for abuse of discretion). Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. Nat'l Credit Works II, LLC*, 2011 WL 5222601, at *2 (E.D. Mo. Nov. 2, 2011) (citing

*Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988)).  The Court therefore accepts Plaintiff's allegations as true, except for those relating to the amount of damages.  *See Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted) (After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true.").  For purposes of determining the amount of damages, the Federal Rules provide:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

## III.   Discussion

Insurance companies may seek declaratory judgment relief under 28 U.S.C. § 2201, as here, for judicial declarations that insurance policies do not afford coverage for underlying lawsuits against insureds.  *See, e.g.*, *Cent. Bank v. St. Paul Fire & Marine Ins.*, 929 F.2d 431, 433–434 (8th Cir. 1991) (upholding declaratory judgment as to insurance obligations); *see also* 28 U.S.C. § 2201.  Taking the allegations in the Complaint as true, Plaintiff SPRISKA is entitled to a declaratory judgment in its favor clarifying that it is not obligated to provide coverage to Sarah Claes or James Collins for the Underlying Lawsuit.

SPRISKA alleges that Policy No. CPP1027333 does not obligate them to defend or indemnify Sarah Claes or James Collins because neither "qualify as insured under the Policy based on the allegations alleged in the Underlying Lawsuit."  Doc. 31 at 7, Doc. 33 at 7.

### A.  Sarah Claes and James Collins are Not Insured Under the CGL Coverage.

The CGL coverage applies to the named insured and persons with enumerated relationships to the named insured.  Doc. 1-3 at 24-25.  These relationships do not include customer-vendor relationships.  Doc. 1-3 at 24–25, 54.  The named insured on the GCL policy is Lyles AW Holdings LLC.  Doc. 1-3 at 8.  Because the only relationship alleged between Sarah Claes and James Collins and Lyles AW Holdings LLC in the underlying lawsuit is customer/business, the GCL coverage does not apply.  *See* Doc. 1 at ¶ 42; Doc. 1-3 at 24–25, 54.

### B.  Sarah Claes and James Collins are Not Insured Under the LL Coverage.

3

Likewise, the LL coverage applies to the named insured, and persons with certain enumerated relationships to the named insured.  Doc.  1-3 at 62–63.  These relationships do not include customer-vendor relationships.  Doc. 1-3 at 63-64.  The named insured on the LL policy is Lyles AW Holdings LLC.  Doc. 1-3 at 8.  Because Sarah Claes's and James Collins's only relationship with the named insured was customer/business, LL coverage does not apply.  *See* Doc. 1 at ¶ 42.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment as to Party Sarah Claes, Doc. 30, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment as to Party James Collins, Doc. 32, is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff Specialty Risk of America and against Defendants Sarah Claes and James Collins.

**IT IS FINALLY ORDERED** that Specialty Risk of America has no duty to defend and/or indemnify Defendant Sarah Claes or James Collins under the Policy in connection with the Underlying Lawsuit.

Dated this 19th day of May, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

4