**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SPECIALTY RISK OF AMERICA )
                              )
    Plaintiff, )
  v.                  )      No. 4:25-cv-01261-MAL
                               )
JAMES COLLINS, SARAH CLAES, )
WILLIAM LYLES, MCCULLOUGH )
PROPERTIES LLC, KORY )
MCCULLOUGH, LACEE HURST, and )
LYLES AW HOLDINGS LLC d/b/a FOUR )
ACES BAR )
                               )
    Defendants. )

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Specialty Risk of America's ("SPRISKA") Motion for Default Judgment as to Parties McCullough Properties LLC and Kory McCullough.  Doc. 28.  For the reasons set forth below, the Motion is **GRANTED**.

## I.      Factual and Procedural Background

The following facts are alleged in the Complaint.[1]  Plaintiff brings the instant action for declaratory relief under 28 U.S.C. §§ 2201 and 2202, asking the Court to determine the parties' rights and obligations under insurance policy number CPP1027333 (the "Policy"), which was issued by SPRISKA, naming "Lyles AW Holdings LLC Four Aces Bar" as the named insured. Doc. 1-3 at 1.  The policy had effective dates of September 2, 2021, until it was cancelled effective March 18, 2022.  *Id.*

The Policy provides commercial general liability coverage ("CGL Coverage") subject to a Bodily Injury and Property Damage Liability Each Occurrence Limit of $1,000,000; a Personal and Advertising Injury Liability Limit of $1,000,000; a General Aggregate Limit of $2,000,000; and liquor liability coverage ("LL Coverage") subject to a Liquor Liability Each Common Cause Limit of $500,000 and a Liquor Liability Aggregate Limit of $1,000,000.  *Id.* at 11.  The CGL Coverage includes certain principal coverages, including Coverage L – Bodily Injury Liability Property Damage Liability.  Doc. 1-3 at 22, 27.  The Policy indicates that SPRISKA will pay all

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the Complaint. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6).

sums that an insured is obligated to pay as damages due to Bodily Injury. *Id* at 27. The Bodily Injury "must be caused by an occurrence which takes place in the coverage territory, and the bodily injury or property damage must occur during the policy period." *Id*. (citation modified). The Policy also provides for supplemental coverages, which include Bodily Injury liability assumed by contracts such as lease of premises. *Id.* at 44.

Plaintiffs William Lyles, McCullough Properties, LLC, Kory McCullough, James Collins, and Sarah Claes were sued in state court on August 22, 2025, by Lacee Hurst (the "Underlying Lawsuit"). Doc. 1–4. Hurst was an employee of the Four Aces Lounge. Doc. 1 at ¶ 41. Hurst alleges that on her first night of work at the Four Aces Lounge, William Lyles, James Collins, and Sarah Claes subjected her to "non-consensual physical and sexual contact, including but not limited to, rape, sodomy, and assault." *Id.* at ¶¶ 43–44. The underlying lawsuit alleges that Kory McCullough and McCullough Properties LLC owned the property where the assault occurred. Doc. 1-4 at ¶ 12. The property was leased to William Lyles to operate the Four Aces Lounge. *Id.* at ¶ 12-13.

On August 22, 2025, SPRISKA filed a Complaint for Declaratory Judgment. Doc. 1. Kory McCullough and McCullough Properties LLC were properly served on August 29, 2025. Doc. 23; *see also* Docs. 8, 9. Kory McCullough and McCullough Properties LLC failed to respond to the Complaint by their deadline of September 15, 2025. Doc. 23. As of the date of this Order, neither Kory McCollough nor McCullough Properties LLC has filed an answer or otherwise contested the Complaint. Additionally, they have not responded to the clerk's entry of default. Doc. 23. SPRISKA filed a motion for default judgment, Doc. 28, to which neither Kory McCullough nor McCullough Properties LLC has responded.

## II.    Legal Standard

Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but the Court separately determines whether to grant a default judgment in its discretion. *See Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012) (grants of default judgment are reviewed for abuse of discretion). Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v.*

2

*National Credit Works II, LLC*, 2011 WL 5222601, at \*1 (E.D. Mo. Nov. 2, 2011) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir.1988)).  The Court therefore accepts Plaintiff's allegations as true, except for those relating to the amount of damages.  *See Marshall v. Baggett, 616 F.3d* 849, 852 (8th Cir. 2010) (quotation omitted) ("It is nearly axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested.").  For purposes of determining the amount of damages, the Federal Rules provide:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

### III.    Discussion

SPRISKA alleges that Policy No. CPP1027333 does not obligate them to defend or indemnify Kory McCullough or McCullough Properties LLC because neither "qualify as insured under the Policy based on the allegations alleged in the Underlying Lawsuit."  Doc. 29 at 6–7. Plaintiff insurance companies like SPRISKA may seek declaratory judgment relief under 28 U.S.C. § 2201 where, as here, it seeks a judicial declaration that an insurance policy does not cover underlying lawsuits against insureds *See e.g., Harleysville Ins. Co. v. Physical Distribution Servs., Inc.,* 716 F.3d 451, 453–54 (8th Cir. 2013) (upholding declaratory judgment as to insurance obligations); *see also* 28 U.S.C. § 2201.  Taking the allegations in the Complaint as true, SPRISKA is entitled to a declaratory judgment clarifying that it need not cover Kory McCullough or McCullough Properties LLC for damages to Hurst arising out of the alleged incident.

### A.    Neither Kory McCullough nor McCullough Properties LLC are insured under the CGL Coverage.

The CGL coverage applies to the named insured and persons with enumerated relationships to the named insured for "all sums" they are "legally obligate[d] to pay as damages due to bodily injury."  Doc. 1-3 at 24–25, 27.  One of those enumerated relationships is landlord//tenant relationship, which can be found in the Additional Insured - Landlord Endorsement portion of the Policy.  *See* Doc. 1-3 at 44.  The Landlord Endorsement insures an additional named insured — McCullough Properties LLC — for liability "arising out of premises

3

shown above, only while [McCullough Properties LLC] lease[s] or occup[ies] those premises." Doc. 1-3 at 44. The Landlord Endorsement does not insure individuals based on their relationship to the additional named insured. *Id.* Therefore, because Kory McCullough is not the additional named insured, he is not an insured under the CGL coverage.

Nor is McCullough Properties LLC covered by the Policy for the alleged incident under the CGL coverage. Though McCullough Properties LLC is listed as the additional named insured in the Landlord Endorsement, the Landlord Endorsement insures it only for liability "arising out of premises." *Id.* "[U]nder Missouri insurance law, 'arising out of' has been interpreted 'to be a very broad, general and comprehensive phrase' meaning 'originating from' or 'having its origins in' or 'growing out of' or 'flowing from.'" *Capitol Indem. Corp. v. 1405 Assocs., Inc.,* 340 F.3d 547, 550 (8th Cir. 2003). "[C]ommon understanding contemplate[s] that 'insured premises' includes land, buildings, and permanently affixed structures[.]" *Sloan v. Farm Bureau Town & Country Ins. Co. of Missouri,* 696 S.W.3d 481, 485 (Mo. App. 2024). But liability does not "arise out of premises" when it is caused by dangerous mobile elements—such as biting dogs—that happen to be located on the premise but are not part of the physical premise. *See id.* Here, the underlying suit alleges that McCullough Properties LLC failed to adequately supervise the persons on its property. Doc. 1-4 at ¶¶ 21–23. But it does not allege that the physical premises contributed to the assault. *See id.* Though McCullough Properties LLC's liability may have arisen from its ownership of the premises, it did not arise from the premises themselves. Therefore, McCullough Properties LLC is not insured under the CGL coverage.

**B. Kory McCullough and McCullough Properties LLC are Not Insured Under the LL Coverage.**

Likewise, the LL coverage applies to the named insured and persons with certain enumerated relationships to the named insured. Doc. 1-3 at 63–64. The named insured on the LL policy is Lyles AW Holdings LLC. Doc. 1 at ¶ 12; Doc. 1-3 at 8. McCullough's and McCullough Properties LLC's only relationship with the named insured was landlord/tenant. *See generally* Doc. 1. Because landlord-tenant relationships do not create additional insureds, *See generally* Doc. 1-3 at 63–64 (listing relationships creating additional insureds), neither McCullough nor McCullough Properties LLC are covered under the LL policy.

Accordingly,

4

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment as to Parties Kory McCullough and McCullough Properties LLC, Doc. 28, is **GRANTED**.

**IT IS FINALLY ORDERED** that Specialty Risk of America has no duty to defend and/or indemnify Defendants Kory McCullough or McCullough Properties LLC under the Policy in connection with the Underlying Lawsuit.

Dated this 22nd Day of July, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE